(53 Misc. Rep. 114)

### KEYSER et al. v. MEAD et al.

(Supreme Court, Special Term, New York County. February, 1907.)

1. CONVERSION—EQUITABLE CONVERSION.

Where the exercise of a power of sale contained in a will is necessary to carry out the testator's intent as to the disposition of his estate, it works an equitable conversion of the lands.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Conversion, §§ 28–37.]

2. PERPETUITIES—SUSPENSION OF ALIENATION.

No suspension of the power of alienation of land under a will arises from the fact that the executors to whom a power of sale is given may not act.

**3. SAME.**

Where trustees under a will are given power to receive the rents and profits pending the sale of the real estate for the benefit of the beneficiaries, that the interest of the beneficiaries is inalienable pending the trust does not constitute a suspension of the power of alienation.

Action by Jeremiah Keyser and others against August Mead and others. Demurrer to complaint sustained.

Perkins & Butler, for plaintiffs.

Miller, Miller & Storm, for defendants.

MacLEAN, J.   The plaintiffs plead for the partition of certain premises, apparently under section 1537 of the Code of Civil Procedure, and are met with a demurrer on the ground of an insufficient statement of facts.   The demurrer must be overruled, if the following apparent devise in the will of Ann K. Fisher, deceased, whose heirs at law the plaintiffs allege themselves to be, is void:

"I hereby empower my executors hereafter appointed to take charge of my estate, collect rents, interest and income, and to sell my real and personal estate * * * at such time as they shall deem best at private sale or public auction, and make all necessary deeds and instruments in writing for the conveyance thereof, and the proceeds from such sales, rents and interest, after all expenses for the care and protection, repairs, taxes, interest and all necessary expenses for the settlement of my estate is paid, the balance remaining to be divided into twenty-five equal parts or shares and be distributed as follows and to the persons named hereafter, if living at the time of such distribution or division; if any hereafter named is dead their share or shares remain in the estate and go to increase the shares of the living at that time."

There is no express devise of the real estate to the executors, nor is one to be inferred; for "an intent to create an express trust will not be presumed, in the absence of an express declaration to that effect, when the whole purpose * * * can be accomplished under a power" (Heermans v. Robertson, 64 N. Y. 332, 343), more particularly as the provision for the accumulation of rents is, if the clause in question be determined to be an express trust, in contravention of the provisions for the accumulation of rents as set forth in section 51 of the real property law (Laws 1896, p. 568, c. 547); the complaint alleging that all parties herein are of full age.   The real estate, therefore, descended to the heirs of the testatrix; for:

"Where a trust is valid as a power, the real property to which the trust relates shall remain in or descend to the persons otherwise entitled, subject to the execution of the trust as a power."   Real Property Law, Laws 1896, p. 572, c. 547, § 79.

"Where by a will a bare power of sale is given to executors, and the lands meanwhile descend to the heir, the latter is at law entitled to the intermediate rents and profits; but if the power of sale operates as an immediate conversion of the land into personalty, accompanied with a gift of the proceeds, then in equity the intermediate rents and profits go with, and are deemed to be a part of, the converted fund, and the heir may be compelled to account therefor to the executor."   Lent v. Howard, 89 N. Y. 169, 176.

Herein the executors are empowered to sell the real estate at such time as they shall deem best, and to this power the real estate is subject—a power, it may be, not in terms imperative, nevertheless effective in working ipso facto an equitable conversion of the land.   "It is true

that the power of sale is not in terms imperative. The words are those conferring authority, and not words of command or absolute direction. But it is clear that a conversion was necessary to accomplish the purpose and intention of the testator in the disposition of the proceeds; and, when the general scheme of the will requires a conversion, the power of sale operates as a conversion, although not in terms imperative." Lent v. Howard, 89 N. Y. 177. True it is, "it is not lawful to create a perpetuity by means of a power in trust any more than by a direct limitation" (Booth v. Baptist Church, 126 N. Y. 215, 239, 28 N. E. 238) ; but it may not well be contended that under this power there is an unlawful suspension because the trustees may never sell, for herein the power itself of necessity operated as an immediate conversion, and there were and are persons, the two executors, in being, by whom an absolute estate can be conveyed, but more especially because the question of suspension is herein confined to the equitably converted fund, wherein appear no illegal limitation of interests. "Where the trustee is empowered to sell the land, without restriction as to time, the power of alienation is not suspended, although the alienation in fact may be postponed by the nonaction of the trustee, or in consequence of a direction reposed in him, by the creator of the trust. The statute of perpetuities is pointed only to the suspension of the power of alienation, and not at all to the time of its actual exercise, and when a trust for sale and distribution is made, without restriction as to time, and the trustees are empowered to receive the rents and profits pending the sale for the benefit of beneficiaries, the fact that the interest of the beneficiaries is inalienable by statute, during the existence of the trust does not suspend the power of alienation, for the reason that the trustees are persons in being, who can at any time convey an absolute fee in possession. The only question which, in such a case, can arise under the statute of perpetuities, is whether the trusts, in respect to the controverted fund, are legal or operate to suspend the absolute ownership of the fund beyond the period allowed by law." Robert v. Corning, 89 N. Y. 225, 235.

Without construing the will in question, but merely determining that the apparent devise therein, at least as a power, is valid, the demurrer will be sustained, with costs.

Demurrer sustained, with costs.